IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGIL DENNARD, | ) |
| | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00152-RAH |
| | ) |
| UNITED STATES OF AMERICA | ) |

## MEMORANDUM OPINION AND ORDER

Virgil Dennard, a federal prisoner proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 challenging his sentence in *United States v. Dennard*, Case No. 2:21-cr-336-RAH-SMD-1, Middle District of Alabama.[1] Dennard contends that his counsel rendered constitutionally ineffective assistance by failing to (1) seek a bill of particulars that would inform him of the penalties for the sole criminal charge against him; (2) move to dismiss the indictment because it failed to inform him of the penalties; (3) object to the indictment because it failed to give him notice about the quantity of drugs for which he was charged and on which he later received a 20-year mandatory minimum sentence; and (4) object to the "faulty indictment" because it did not set out all of the elements of the offense, in particular, the penalties element. Upon consideration of the record, and for the following reasons, Dennard's § 2255 petition will be **DENIED** without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings for the United States District Courts*.

## BACKGROUND

On July 14, 2021, Dennard was charged in a one count indictment with possession with intent to distribute five or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The Indictment stated, "On or about October 4, 2019, in Barbour County, within the Middle District of Alabama, the defendant, VIRGIL DENNARD, knowingly and intentionally possessed with intent to

---

[1] All citations to the underlying criminal action will be denoted as Cr. No.

distribute a controlled substance, to wit: 5 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." (Cr. No. 1.) The Indictment went on to charge that "Before VIRGIL DENNARD committed the offense charged in this count, VIRGIL DENNARD had a final conviction for a serious drug felony, namely: a conviction under Section 13A-12-213, Code of Alabama, 1975, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense; a conviction under Section 13A-12-211(c), Code of Alabama, 1975, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense; and a conviction under Section 13A-12-211(a), Code of Alabama, 1975, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense." (Cr. No. 1.)

Dennard was arrested, arraigned and pleaded not guilty on September 8, 2021. (Cr. No. 14.) Trial was set for January 4, 2022, and later reset to May 9, 2022. On November 19, 2021, new counsel was appointed for Dennard. (Cr. No. 29.)

On April 8, 2022, Dennard entered a notice of intent to change his plea to guilty pursuant to a negotiated plea agreement with the Government (Cr. No. 37) that he executed on April 14, 2022 (Cr. No. 41). In that plea agreement, Dennard was informed that the statutory penalty for a conviction under the charge was "A term of imprisonment of not less than 5 years and not more than 40 years; a fine of not more than $5,000,000; or both the fine and imprisonment; a term of supervised release of not less than four years; an assessment fee of $100; and an order of restitution." (Cr. No. 41 at 1.) The Government agreed to recommend a sentence

within the guidelines, and Dennard "expressly waive[d] the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*)

On April 21, 2022, Dennard appeared before the magistrate judge and pleaded guilty. Before doing so, Dennard was informed of certain rights and information. Among other things, the magistrate judge informed Dennard that "[t]he maximum penalty provided by law for Count 1 to which you are pleading guilty is a term of imprisonment of not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, or both the fine and the imprisonment; a term of supervised release of not less than four years; an assessment fee of $100, and you may be asked to make restitution to any victim of the offense." (Cr. No. 62 at 9.)  When he was asked whether he understood the maximum punishment, Dennard answered affirmatively. (*Id.*)

Dennard was sentenced on July 26, 2022. At sentencing, he was designated a career offender and his guideline calculation was 292 to 365 months. Dennard's counsel moved for a downward variance and requested a sentence of 60 months. The Government conceded to a variance but sought a sentence of 240 months. Dennard was sentenced to 240 months of imprisonment.

 On August 9, 2022, Dennard filed a notice of appeal. (Cr. No. 54.) On March 8, 2023, the Eleventh Circuit dismissed Dennard's appeal due to the appeal waiver in the plea agreement. (Cr. No. 65.)

## LEGAL STANDARD

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may obtain relief under § 2255 if the court imposed a sentence that (1) violated the

Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Ineffective assistance of counsel is one of those claims that can be considered under a § 2255 petition.

A claim of ineffective assistance of counsel is evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective only if (1) his or her "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687; *see also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see Chandler*, 218 F.3d at 1315 ("[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."); *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it."). Scrutiny of counsel's performance is highly deferential, and the court indulges a strong

presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314.

Under the prejudice component, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. But the prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless the petitioner satisfies both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

## DISCUSSION

Dennard first contends that his legal counsel was ineffective because the indictment was defective and therefore his counsel should have objected to it, moved to dismiss it, sought a bill of particulars, and advised against pleading guilty. He claims the indictment was defective because it failed to inform him of the penalty associated with the methamphetamine charge. He argues he was prejudiced because he would have never entered a plea of guilty based on a defective indictment without knowing the exact penalty he would have faced. In other words, he says his plea of

5

guilty was not knowing and voluntary. In a belated filing, related to the defective indictment issue, Dennard asserts that he was innocent of the drug quantity found at sentencing and that the Government is guilty of prosecutorial misconduct by presenting the defective indictment to the grand jury. He asks that his conviction and sentence be vacated.

In response, the Government argues that Dennard's claims are waived, procedurally defaulted, frivolous, and without merit. The Court agrees, as Dennard's claims do not warrant relief under § 2255 for several reasons.

\* \* \*

First, concerning the Government's waiver argument, appeal and collateral attack waivers in plea agreements are valid if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing . . . . [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Id.* at 1352. "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). For a waiver to be valid under the Due Process Clause, it must constitute an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

Here, Dennard's claims, to the extent they are substantive attacks on his guilty plea, conviction, and sentence, were waived by the plea agreement that he entered

6

into with the Government. That agreement, signed by Dennard, contains the following language: "the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255." (Cr. No. 41 at 6.)

While under oath, Dennard also engaged in a colloquy with the magistrate judge. During that colloquy, the magistrate judge explained the charge to Dennard and told him that, by pleading guilty, he faced a minimum term of 5 years and a maximum prison term of 40 years and up to 4 years of supervised release (Cr. No. 62 at 9), and that Dennard would be sentenced in accordance with the Federal Sentencing Guidelines (*id*. at 9-10). The magistrate judge also discussed the waiver provision in the plea agreement, to which Dennard acknowledged his understanding. (*Id*. at 11.) Dennard also acknowledged that he had discussed with his attorney the charges pending against him and that he was fully satisfied with his legal representation. (*Id*. at 13.) Dennard then acknowledged that his guilty plea was knowing and voluntary, stated that he was not coerced or forced into entering the plea, and that he fully understood the consequences of entering a guilty plea. (*Id*. at 7-8.) Dennard then testified to the facts of the charge, including his willing and voluntary possession of 5 grams or more of methamphetamine and that he intended to distribute the methamphetamine. (*Id*. at 13-14.) And he then pleaded guilty.

Based on the appeal-and-collateral-attack waiver, colloquy, and guilty plea, Dennard knowingly and voluntarily waived his right to seek post-conviction relief based on any claim that the indictment was defective. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005); *see also United States v. Gray*, No. 23-11334, 2025 WL 459196, at *3–5 (11th Cir. Feb. 11, 2025) (stating that a guilty plea made knowingly, voluntarily, and with benefit of competent counsel waives all non-

7

jurisdictional defects in the court proceedings). Accordingly, the waiver precludes Dennard from receiving any relief as to the insufficiency of his indictment or his guilty plea.

* * *

The common thread throughout Dennard's Petition is that the indictment was defective because it failed to explicitly inform him of the penalties associated with the methamphetamine charge. The Government asserts this is a meritless claim, regardless of whether the right to appeal or collaterally attack his conviction was effectively waived by the plea agreement and guilty plea.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). To be legally sufficient, the indictment must "(1) present[] the essential elements of the charged offense, (2) notif[y] the accused of the charges to be defended against, and (3) enable[] the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (citation omitted). The determination of an indictment's sufficiency is based on the context when read as a whole and given a "common sense construction." *United States v. Gold*, 743 F.2d 800, 812 (11th Cir. 1984). This means that a court should determine an indictment's sufficiency based on "practical, not technical, considerations." *Jordan*, 582 F.3d at 1245 (internal quotations and citation omitted).

The cornerstone of an indictment's sufficiency is whether "it . . . provides a statement of facts and circumstances that give notice of the offense to the accused." *Jordan*, 582 F.3d at 1246 (citation omitted). As long as that information is provided, an indictment may track the statute's language, or it may not—the key is notice of the offense and the underlying circumstances on which the charge is based. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (explaining that even if an

8

indictment tracks a statute's language, if it fails to "apprise the defendant of the charged offense," it is insufficient); *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003); *see also United States v. Resendiz–Ponce*, 549 U.S. 102, 110 (2007) ("While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" (citation omitted)).

An indictment that does not track the language of the statute but gives "specific[] refer[ence] to the statute on which the charge was based, the reference to the statute[] adequately informs the defendant of the charge against [her]." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) (citation omitted). And "if the facts alleged in the indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment is not fatally deficient on Fifth Amendment grounds." *Id.*; *see also United States v. Crippen,* 579 F.2d 340, 342 (5th Cir. 1978) (explaining that an indictment does not have to "allege in detail the factual proof that will be relied upon to support the charges");[2] *United States v. Ramirez*, 617 F. App'x 945, 946 (11th Cir. 2015) (per curiam) ("The appropriate test is not whether the indictment could be more clear, but whether it conforms to minimal constitutional standards.").

The United States Supreme Court has held that an indictment need not contain facts regarding possible penalties associated with the offense unless such facts could increase the statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Further, "drug type and quantity are not required to be alleged in the indictment ... as long as the statutory maximum punishment is not exceeded." *United States v.*

---

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

9

*Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004) (citing *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001)).

The indictment against Dennard correctly alleges all elements of the methamphetamine offense. In fact, it largely mirrors the statute. And while the Indictment does not explicitly mention the minimum and maximum penalties upon conviction, the indictment references 21 U.S.C. § 841, and Section 841 references the penalties for possession of 5 grams or more of methamphetamine—not less than 5 years and not more than 40 years. Under *Apprendi*, the indictment need not contain facts regarding possible penalties associated with the offense unless such facts could increase the statutory maximum. And under *United States v. Sanchez*, 269 F.3d 1250 (2001), the indictment need not provide the drug quantity unless the Government charged or sought an enhanced penalty. And here, the Government did not charge or seek an enhanced maximum penalty. Dennard was indicted for a drug quantity amount of 5 grams or more of methamphetamine, and that charge contained a term of 5 to 40 years. Contrary to Dennard's assertion, his mandatory minimum was 5 years, not 20 years. While Dennard did receive a sentence of 240 months (20 years), that sentence was not the statutory minimum nor did it exceed the maximum. Simply put, there is no *Apprendi* issue here. Dennard's allegations on this issue lack merit.

\* \* \*

Since Dennard's defective indictment claim is without merit, his legal counsel did not render ineffective assistance by failing to object to the indictment, ask for a bill of particulars, or move to dismiss the indictment.[3]   To prevail on a claim of ineffective assistance of counsel, Dennard must show that: (1) "counsel's

---

[3] Moreover, as already discussed, a voluntary guilty plea waives all nonjurisdictional defects in the proceedings against a defendant, and the waiver extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

Each of Dennard's ineffective assistance of counsel claims fails for want of either deficient performance by counsel or prejudice to Dennard from counsel's performance. Counsel did not deficiently or unreasonably perform in failing take actions based on a meritless premises, and there certainly was no prejudice to Dennard since he has not shown how counsel would have been successful if such action was taken.

Finally, in his supplemental brief, Dennard argues he did not possess 18 kilograms of methamphetamine as referenced in the probation officer's presentence report and that he is actually innocent of the assertion. But Dennard, under oath, at his change of plea hearing testified that he had possession of 5 grams or more of methamphetamine, and at sentencing, the Court adopted the presentence report, with a calculated base level amount of methamphetamine (ice) of 18 kilograms based on statements Dennard had made during intercepted phone calls about his weekly purchase of 3 kilograms of ice. Neither Dennard nor his counsel pursued an objection to the presentence report on this calculation (*see* doc. 63 at 5) because, given Dennard's career offender status, a successful objection would not have made a difference in the guideline calculations. No matter what, this belated claim lacks merit due to the appeal-and-collateral-attack waiver, guilty plea, and general failure by Dennard to substantiate it.

## CONCLUSION

For these reasons, it is **ORDERED** and **ADJUDGED** that Movant Virgil Dennard's 28 U.S.C. § 2255 motion is **DENIED** without an evidentiary hearing, and this case is **DISMISSED** with prejudice.

**DONE** on this the 26th day of January, 2026.

                                                  /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE